**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KELLEY GRACE** | **CIVIL ACTION** |
| **VERSUS** | |
| **LOUISIANA HOUSING FINANCE AGENCY** | **NO. 11-752-FJP-CN** |

**ORDER**

In considering the Motion to Dismiss (R. Doc. 8) filed by defendant, the State of Louisiana, through the Louisiana Housing Finance Agency ("LHFA"), in which LHFA contends that plaintiff's case should be dismissed in its entirety, it has come to the Court's attention that LHFA has not discussed two (2) of the claims asserted in the attachment to plaintiff's complaint, which attachment is allowed to be considered when deciding a motion to dismiss.[1] Specifically, LHFA failed to address plaintiff's claims of defamation and of unethical business practices. In order to fully evaluate LHFA's assertion that plaintiff's case should be dismissed in its entirety, it would be of benefit to the Court to have LHFA address those two (2) claims. In the event LHFA is able to include those arguments within the deadline for its reply memorandum previously set by the Court, it should do so. However, to the extent it cannot address those claims within the reply memorandum deadline, LHFA shall file a supplemental reply memorandum within twenty (20) days of this Order addressing those two (2) claims. If plaintiff deems a response to such additional arguments by LHFA to be necessary, she shall file such response to LHFA's reply/supplemental reply memorandum within ten (10) days of the filing of LHFA's memorandum addressing the two

---

[1] "In deciding a motion to dismiss, the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." *Fairley v. Stalder*, 2008 WL 3244022 (5th Cir. 2008), quoting *Willard v. Humana Health Plan of Tex.*, 336 F.3d 375 (5th Cir. 2003).

(2) claims.

Accordingly;

**IT IS ORDERED** that defendant, Louisiana Housing Finance Agency, shall address plaintiff's defamation and unethical business practices claims within the deadline previously set for its reply memorandum, or if such deadline cannot be met, shall address such claims in a supplemental memorandum filed within twenty (20) days of this Order.

**IT IS FURTHER ORDERED** that, to the extent plaintiff finds it necessary to respond to the LHFA's arguments concerning her defamation and unethical business practices claims, she may do so within ten (10) days of the filing of LHFA's reply/supplemental reply memorandum regarding those claims.

Signed in chambers in Baton Rouge, Louisiana, February 21, 2012.

**MAGISTRATE JUDGE CHRISTINE NOLAND**